UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEREK J. VANHORN,**

      **Plaintiff,**

  v.                                               Civil Action 2:21-cv-5470
                                                          Judge James L. Graham
                                                          Magistrate Judge Chelsey M. Vascura

**MONROE COUNTY, OHIO,** *et al.***,**

      **Defendants.**

## REPORT AND RECOMMENDATION

      Plaintiff, an inmate at Ross Correctional Institution ("RCI"), brings this civil rights action under 42 U.S.C. § 1983 against Defendant Monroe County, Ohio; and four named employees of the Monroe County Sheriff's Office, and John and Jane Doe Officers 1-25, alleging that he was subjected to excessive force.  This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's individual-capacity claims against Defendants Black, Shipp, and the Doe Defendants pursuant to § 1915A(b)(1) for failure to state a claim on which relief may be granted.

## I.

According to the Complaint, on November 27, 2019, Defendant Sergeant Adkinson, under Defendant Captain Baker's orders, deployed a taser gun on Plaintiff even though he was handcuffed and lying silently on the floor.  Plaintiff alleges that Defendant Major Shipp observed the incident.  Plaintiff was subsequently put in solitary confinement for one month.  Plaintiff further alleges that the November 27, 2019 alleged excessive force was attributable, at least in part, to the Monroe County Sheriff's Office's policies or practices of escalating violence and failing to adequately train their officers.  In addition to his § 1983 claims, Plaintiff asserts pendant state-law tort claims.  Plaintiff alleges that as a result of the alleged excessive force incident, he has "suffered permanent and substantial physical deformity and the loss of a bodily organ system."  (Compl. ¶ 35, ECF No. 1.)

## II.

Congress enacted 28 U.S.C. § 1915A as part of the Prison Litigation Reform Act in order to "discourage prisoners from filing [frivolous] claims that are unlikely to succeed." *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998).  Congress directed the Courts to "review, before docketing, if feasible or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In particular, subsection (b) provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or—
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Thus, § 1915A requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir.

2008) (citations omitted).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  In addition, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers."  *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III.

Having conducted an initial screening of Plaintiff's Complaint, the undersigned **RECOMMENDS** that Plaintiff's § 1983 individual-capacity claims against Defendants Black, Baker, and the Doe Defendants be **DISMISSED** and that he be permitted to proceed on his remaining claims.

In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law."  *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)).  To sufficiently plead the second element, a plaintiff must allege "personal involvement."  *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted).  This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*."  *Id*. (citation omitted).  Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ."  *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (internal quotation omitted).

Here, Plaintiff's Complaint fails to provide sufficient factual content or context from which the Court could reasonably infer that Defendants Black, Baker, and the Doe Defendants were personally involved in any violation of Plaintiff's rights.  Rather, Plaintiff alleges only that Defendant Shipp observed the tasing incident and neglects to mention any particular actions that

Defendant Black or the Doe Defendants took. For these reasons, it is **RECOMMENDED** that the Court **DISMISS** this Plaintiff's individual-capacity claims against Defendants Black, Baker, and the Doe Defendants pursuant to § 1915A.

## IV.

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this Plaintiff's individual-capacity claims against Defendants Black, Baker, and the Doe Defendants pursuant to § 1915A and that Plaintiff be permitted to proceed on his remaining claims.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

      /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE