## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**DEREK J. VANHORN**,

                Plaintiff,

    **v.**

**MONROE COUNTY, OHIO, *et al.*,**

                Defendants.

**Case No. 2:21-cv-5470**

**Judge Graham**

**Magistrate Judge Vascura**

### OPINION AND ORDER

Plaintiff Michael K. Bailey, an inmate at Ross Correctional Institute ("RCI"), brings this action under 42 U.S.C. § 1983 and asserts a pendant intentional infliction of emotional distress claim against Monroe County, Ohio; four named employees of RCI; and 25 John and Jane Doe sheriff officers.[1] Magistrate Judge Vascura performed an initial screen of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and issued a Report and Recommendation, ("R&R"), Doc. 2. The Magistrate Judge recommended that Plaintiff's individual-capacity § 1983 claims against two named Defendants – Defendants Black and Baker – and the Doe Defendants be dismissed for failure to state a claim on which relief may be granted.[2] For the following reasons, the Court **ADOPTS IN PART** the R&R.

---

[1] Plaintiff also names the Ohio Department of Medicaid as a defendant for the purposes of obtaining "[j]udgement declaring Ohio Department of Medicaid's subrogation and/or reimbursement interest in any award herein . . . ." Doc. 1 at 8.

[2] The R&R, in the first paragraph, recommends that Plaintiff's individual-capacity claims against Defendants Black, Shipp, and the Doe Defendants be dismissed. But the Magistrate Judge's analysis and concluding paragraph reveal that her recommendation is that the individual capacity claims against Defendants Black, Baker, and the Doe Defendants be dismissed.

## I.      Background

Plaintiff alleges that while incarcerated in Monroe County Correctional Facility he was handcuffed and tased with a taser gun without cause. Doc. 1 at 3. He asserts that Sergeant Adkinson administered the taser gun under Captain Bakers' orders and that Major Shipp observed the incident without intervening. Doc. 1 at 3. Following the tasing incident, Plaintiff says he was placed in solitary confinement for one month. Doc. 1 at 4.

Based on this incident, Plaintiff filed a complaint against Monroe County, Ohio; Sheriff Charles Black; Major Shipp; Sargent Adkinson; Captain Barker; 25 John and Jane Doe Sheriff Officers; and the Ohio Department of Medicaid alleging violations of his civil rights under 42 U.S.C. § 1983 and intentional infliction of emotional distress. *See generally* Doc. 1.

The Magistrate Judge conducted an initial screen of Plaintiff's complaint pursuant to 28 U.S.C. § 1983. She concluded that Plaintiff's individual-capacity § 1983 claims against Defendants Black, Baker, and the Doe Defendants should be dismissed because the "Complaint fails to provide sufficient factual content or context from which the Court could reasonably infer that Defendants Black, Baker, and the Doe Defendants were personally involved in any violation of Plaintiff's rights." Doc. 2 at 4-5.

Plaintiff timely filed Objections to the R&R, Doc. 6, and Defendants Black and Baker filed a response to Plaintiff's Objections, Doc. 13.

## II.      Standard of Review

The Court reviews *de novo* any part of the Magistrate Judge's disposition to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

Plaintiff objects to the Magistrate Judge's recommendation to dismiss some of his claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For a claim to survive Rule 12(b)(6), it must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted).

### III.  Analysis

Plaintiff's Objections consist of conclusory statements that the Magistrate Judge erred because "Defendants acted intentionally and with a deliberate indifference to [his] Eighth Amendment rights when they tased [him]." Doc. 6 at 5. This is not a meaningful objection to the Magistrate Judge's R&R. The Magistrate Judge found that the complaint failed to allege facts sufficient to show that Defendants Black and Baker and the Doe Defendants were personally involved in the alleged violation of Plaintiff's rights, as required in a § 1983 claim. Doc. 2 at 4. Plaintiff appears to make no attempt to challenge the Magistrate Judge's articulation of the law or her reading of his Complaint.

Regardless, the Court will review *de novo* whether Plaintiff's complaint contains sufficient allegations of fact to support his individual-capacity § 1983 claims against Defendants Black, Baker, and the Doe Defendants. As the Magistrate Judge explained in her R&R, the elements of a § 1983 cause of action are: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch.*

*Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted). The person acting under color law must have been personally involved in the unconstitutional conduct. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This personal involvement may take the form of a supervisor's implicit authorization, approval, or knowing acquiescence in the unconstitutional conduct. *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (internal quotation omitted).

The Complaint makes no factual allegations to suggest that Defendant Black or the Doe Defendants knew of, much less were personally involved in, the allegedly unconstitutional conduct. However, the Complaint does allege that Defendant Baker ordered the taser gun to be used on Plaintiff. Doc. 1 at 3. This allegation sufficiently supports an inference that Defendant Baker was personally involved in the unconstitutional conduct. Accordingly, the Court agrees with the Magistrate Judge that the individual-capacity § 1983 claims against Defendant Black and the Doe Defendants must be dismissed. However, the Court finds that the complaint contains sufficient allegations against Defendant Baker for the individual-capacity § 1983 claim against him to survive.

## IV. Conclusion

For the reasons stated above, the R&R, Doc. 2 is **ADOPTED IN PART**. Plaintiff's § 1983 claims against Defendant Black and the Doe Defendants in their individual capacity are **DISMISSED**.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: February 3, 2022